IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kelvin Ross Sinclair, | ) | Criminal Action No.: 4:06-cr-01321-RBH |
| | ) | Civil Action No.: 4:10-cv-70292-RBH |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
|     Respondent. | ) | |

This matter is before the court with Respondent's [Docket Entry 88] Motion to Dismiss filed on November 29, 2010, and Petitioner's [Docket Entry 84] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence ("§ 2255 Motion") filed on November 15, 2010.[1]  For the reasons set out below, the court grants Respondent's Motion.

**Background**

On December 19, 2006, Petitioner was indicted for one count of unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). *See* Indictment [Docket Entry 2].  On August 6-8, 2007, Petitioner was tried by a jury and found guilty as charged. *See* Jury Verdict [Docket Entry 54]; *see also* [Docket Entries 46, 47, & 50]. After a sentencing hearing, the court sentenced Petitioner to a term of life imprisonment.  Judgment was entered accordingly on February 4, 2008. *See* Judgment [Docket Entry 70].

Petitioner thereafter filed a direct appeal.  On November 24, 2008, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *See United States v. Sinclair*, 301 F. App'x 251 (4th Cir. Nov. 24, 2008).  The Fourth Circuit issued its Mandate in the matter on December 16,

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

2008. *See* Mandate [Docket Entry 83].

Petitioner then filed a petition for a writ of certiorari with the United States Supreme Court. The United States Supreme Court denied the petition for a writ of certiorari on March 23, 2009. *See* App. [Docket Entry 91-1] at 3.

On November 15, 2010, Petitioner filed his § 2255 Motion. On November 29, 2010, Respondent filed its Motion to Dismiss. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 30, 2010, advising Petitioner of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner timely filed his [Docket Entry 91] Response in Opposition to the motion to dismiss on January 4, 2011.[2]

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266.

evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

### Discussion

In its Motion to Dismiss, Respondent contends that Petitioner's § 2255 Motion "is untimely by eight months and must be dismissed." Motion at 1. Further, Respondent argues that Petitioner "has shown no just cause for the untimely filing . . . ." *Id.*

The timeliness of Petitioner's § 2255 Motion is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the

> Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment in Petitioner's case became final on March 23, 2009, the date the United States Supreme Court denied Petitioner's petition for a writ of certiorari. Petitioner then had one year, specifically until March 23, 2010, in which to file his § 2255 Motion. Petitioner did not file the instant § 2255 Motion until November 15, 2010, almost eight (8) months after the expiration of the statute of limitations.

Petitioner does not appear to dispute the foregoing time-line, but he does offer several reasons why he believes the court should consider his § 2255 Motion despite its untimeliness. The court will treat these arguments as a request for equitable tolling. Section 2255's one-year limitations period "is subject to equitable modifications such as tolling." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). However, the Fourth Circuit has held "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. . . . [T]herefore, . . . any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,

__ U.S. __, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse*, 339 F.3d at 246 (holding that a petitioner is entitled to equitable tolling if he "presents (1) extraordinary circumstances, (2) beyond his own control or external to his own conduct, (3) that prevented him from filing on time."). Petitioner has not shown that "extraordinary circumstances" exist in this case, such that he should be entitled to equitable tolling.

Petitioner argues that his untimely filing was caused by his trial counsel's delay in informing him that the United States Supreme Court had denied his petition for a writ of certiorari. Petitioner's argument is both legally and factually flawed. To begin with, it does not appear that trial counsel's delay in informing Petitioner of the denial of his certiorari request constitutes an "extraordinary circumstance" warranting equitable tolling. *See Roberts v. Watson*, 697 F. Supp. 2d 646, 652 (E.D. Va. 2010) (holding that "fact . . . counsel waited 90 days before notifying petitioner that his direct appeal had been dismissed by the Court of Appeals of Virginia . . . d[id] not warrant equitable tolling" (citing *Rouse*, 339 F.3d 238)); *Jackson v. United States*, 319 F. Supp. 2d 672, 677 (E.D. Va. 2004) (holding "the facts alleged . . . d[id] not constitute the necessary extraordinary circumstances, external to [the petitioner's] own conduct, that warrant equitable tolling," when the petitioner's trial counsel never informed him of the denial of the petition for a writ of certiorari); *see also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling"); *Harris*, 209 F.3d at 331 (holding "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance" warranting equitable tolling). Regardless, equitable tolling is not warranted based on the facts presented. The record reflects that Petitioner's petition for a writ of certiorari was denied on March 23, 2009,[3] but that his

---

[3] Accordingly, as noted above, Petitioner had until March 23, 2010, in which to file his § 2255 Motion.

trial counsel did not notify him of such until November 17, 2009. *See* App. [Docket Entry 91-1] at 2. However, trial counsel's delay in informing Petitioner that his request for certiorari had been denied did not make "it impossible for [Petitioner] to file a federal habeas petition on time." *Beery*, 312 F.3d at 952; *see also Roberts*, 697 F. Supp. 2d at 652. Rather, Petitioner had four (4) months in which to file his § 2255 Motion at the time trial counsel informed him of the denial, but he still failed to do so. Moreover, Petitioner waited an additional eight (8) months after the expiration of the statute of limitations before filing his § 2255 Motion. "Unexplained delays in filing petitions do not demonstrate diligence on the part of [P]etitioner in pursuing his rights." *Roberts*, 697 F. Supp. 2d at 653 (citing *Pace*, 544 U.S. at 419). Petitioner has provided the court with no explanation for why he waited four (4) months until the statutory deadline had expired, and then another eight (8) months, before filing his § 2255 Motion.[4] If he had promptly filed his § 2255 Motion after receiving trial counsel's letter regarding the denial of certiorari, the instant Motion would have been timely. Thus, the court finds that trial counsel's delay did not "prevent[] timely filing,"[5] and, more importantly, Petitioner has not shown that he exercised due diligence in pursuing his rights under § 2255. Therefore equitable tolling on this basis should be denied.

In addition, Petitioner asserts that the court should consider his § 2255 Motion despite its untimeliness because he is "actually innocent." Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S.

---

[4] To the extent Petitioner contends that his untimely filing was due to the fact "Petitioner is a layman at law," the argument is without merit. In *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004), a prisoner sought equitable tolling and argued that he lacked an understanding of how the statute of limitations operated. In denying the prisoner's request, the Fourth Circuit held that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Id.* at 512.

[5] *Holland*, 130 S. Ct. at 2562 (internal quotations and citations omitted).

298, 315 (1995). However, in the context of a motion time-barred under § 2255(f), the court has serious doubts as to whether an "actual innocence" exception exists.[6] Regardless, even if the court were to assume that an "actual innocence" exception exists in this context, Petitioner has failed to meet its extremely high threshold standard. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Petitioner's arguments do not come close to meeting this demanding standard. It is important to note, Petitioner does not cite to any "new evidence," but rather argues that the prosecution simply failed to prove at trial the essential elements

---

[6] While the Fourth Circuit has not expressly ruled that an "actual innocence" exception exists, *see DiCaprio-Cuozzo v. Johnson*, --- F. Supp. 2d ----, 2010 WL 4007622, at *9 (E.D. Va. Oct. 12, 2010), multiple other circuits have concluded that there is no such exception. *See Lee v. Lampert*, 610 F.3d 1125, 1128-31 (9th Cir. 2010) (concluding there was no actual innocence exception to the AEDPA's statute of limitations); *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005) (holding that actual innocence "is unrelated to the statutory timeliness rules . . . [and] does not extend the time to seek collateral relief"); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) (holding that "defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming"); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (stating that claims of actual innocence do not "justify equitable tolling of the limitations period"); *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) (noting that there is no actual innocence exception separate from the usual equitable tolling factors); *but see Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005) (allowing equitable tolling of the AEDPA's statute of limitations based on actual innocence). With there appearing to be no Fourth Circuit authority to support Petitioner's position, the court finds compelling those cases declining to find an actual innocence exception.

of the crime charged.[7] Petitioner's arguments are insufficient to establish "actual innocence."[8]

In sum, Petitioner's § 2255 Motion is untimely, and Petitioner has not presented any arguments sufficient to warrant review of the Motion despite its untimeliness.

### Conclusion

Based on the foregoing, it is therefore **ORDERED** that Respondent's Motion to Dismiss is **GRANTED**, and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED**, *with prejudice*, as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  s/R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
February 15, 2011

---

[7] For example, in his § 2255 Motion, Petitioner maintains that "the government failed [to prove] beyond a reasonable doubt each and every element of the offense of conviction–possession of a firearm . . . ." Memo. [Docket Entry 84-1] at 1. Petitioner further argued that "[h]e neither possessed a weapon nor could the government provide any proof that [h]e possessed a weapon which affected commerce." *Id.* at 2.

[8] The court notes that some district courts that have been presented with this "actual innocence" argument have addressed it as a request for equitable tolling. *See Palmer v. United States*, No. 3:08CV16, 2010 WL 5621338, at *4 (W.D.N.C. Dec. 22, 2010), *affirmed by*, 2011 WL 198114 (W.D.N.C. Jan. 20, 2011). Other district courts, as this court does in the instant case, have simply addressed it as a possible exception to the period of limitation. *See United States v. Green*, No. 7:99-cr-00032-1, 2009 WL 2840491, at *2 (W.D. Va. Aug. 31, 2009). Because this court concludes that Petitioner has not established "actual innocence," he cannot overcome his untimeliness under either method of analysis.